UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BENJAMIN JENKINS,  :  | |
|     Plaintiff,  : | |
| : | |
| v.  : | CASE NO. 3:13-cv-1519 (SRU) |
| : | |
| LEO ARNONE,  : | |
|     Defendant.  : | |

INITIAL REVIEW ORDER

The plaintiff, Benjamin Jenkins, currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, commenced this action *pro se* pursuant to 42 U.S.C. § 1983 (2000). He names as defendants former Commissioner of Correction Leo Arnone, Warden Peter Murphy and several John and Jane Doe correctional officers.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed

*pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Jenkins alleges that, on October 9, 2010, he was confined in O-Unit at the MacDougall-Walker Correctional Institution. Jenkins alleges that he awakened in the early morning hours to the smell of smoke in the housing unit. Inmates tried to get the attention of Officer John Doe #1. At 6:00 a.m., unidentified correctional officers responded to the smoke and ordered the inmates released from their cells to exit the housing unit. Inmates on the bottom tier were released first. Inmates were told not to cover their faces with their clothing after being released from their cells. Jenkins alleges that inmates were not told which way to turn upon exiting the tunnel from the housing unit, but also states that Officer John Doe #2 and three medical staff members were waiting at the door from the tunnel. Officer John Doe #3 brought the inmates to the gym. They were not properly checked for effects of smoke inhalation.

Jenkins' claim concerns the conditions of his confinement. An inmate must be housed under conditions that meet the "minimal civilized measures of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). This means that prison officials must provide for inmate' basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety. *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200 (1989). To state a claim for unconstitutional conditions of confinement, Jenkins must allege both that he was incarcerated under conditions that pose a substantial risk of serious harm and that the defendant prison officials possessed culpable intent, that is, the officials knew that the inmate faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

Exposure to smoke clearly is a condition that poses a substantial risk of serious harm. The allegations in the complaint, however, do not demonstrate that the defendants disregarded this risk by failing to take corrective action.  Jenkins alleges that the defendants attempted to remove the inmates from the housing unit in a controlled manner–inmates were released from their cells in an orderly manner, assembled in a designated area, instructed not to obstruct their faces so staff could ascertain their identities and directed to leave the housing unit.  The facts that the defendants may not have performed these tasks in the manner Jenkins deemed appropriate or as well as they might have, constitutes at most negligence.  Indeed, Jenkins characterizes his claim as negligence.  Allegations constituting mere negligence, however, are not cognizable under section 1983.  *See Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996).   Accordingly, the complaint is dismissed.

### ORDERS

Accordingly, the court enters the following orders:

(1) The complaint is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim.

(2) The **Clerk** is directed to enter judgment and close this case.

**SO ORDERED** this 11th day of March 2014, at Bridgeport, Connecticut.

 /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge